UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Nos.  10-CIV-24202-COHN/SELTZER
09-CR-20019-COHN

JUNIOR LEE REEVES,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

### ORDER GRANTING MOTION TO PRODUCE TRANSCRIPTS
### ORDER DENYING MOTION TO APPOINT COUNSEL

**THIS CAUSE** is before the Court upon Movant Junior Lee Reeves' Motion for Production of Transcripts and to Appoint Counsel [DE 31].  The Court has carefully considered the motion, has reviewed the record, and is otherwise fully advised in the premises.

### I.  BACKGROUND

On July 12, 2011, this Court entered a final judgment denying Movant Junior Lee Reeves' ("Reeves" or "Movant") motion to vacate sentence pursuant to 28 U.S.C. § 2255.  Reeves filed a Motion to Compel Relief Under Rule 60(b), which the Court denied on November 7, 2011 [DE 27].  The Court also denied Reeves' Motion for a Certificate of Appealability.[1]

Reeves now seeks a copy of the transcript of his plea colloquy and sentencing in the underlying criminal action, stating that not having those documents is hindering his

---

[1]  For a full background on this case, please see the Final Judgment [DE 16] and the November 7 Order [DE 27].

ability to process his appeal.  Both transcripts are already in the record in this action, and were sent to the Court of Appeals on December 15, 2011.  Appendix to Government's Response [DE 11-10 and 11-20]; Compliance with Request from USCA [DE 28].

## II.  DISCUSSION

Pursuant to  28 U.S.C. § 753(f), fees for transcripts furnished in § 2255 proceedings to persons permitted to appeal in forma pauperis shall be paid by the United States "if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decie the issue presented by the suit or appeal."  In this § 2255 proceeding, Movant included several claims, including an alleged lack of due process because the Government informant was arrested for additional crimes and deactivated; "sentencing disparity" which appears to dispute the weapons charge; that his post traumatic stress disorder, a disability obtained during military service, was not sufficiently considered in sentencing; that the confidential informant entrapped Movant into committing the crimes; and Brady violations regarding the confidential informant.  All claims were rejected.  In his Rule 60(b) motion, Reeves challenged his sentence only.

The Court concludes that § 753 applies when fees are required to be paid to a court reporter for preparation of the transcripts.  If such preparation were required, any appeal by Reeves would be frivolous.  However, the transcripts have already been prepared and are in the public CM/ECF file.  This Court has already granted Movant status to proceed in forma pauperis on appeal [DE 27].  Therefore, the Court will simply print out and mail to Mr. Reeves a copy of the two short transcripts in the public record

[DE 11-10 and 11-20].  Both transcripts have already been submitted to the Court of Appeal by the Clerk of Court [DE 28].

As to Reeves' motion to appoint counsel, an indigent's right to counsel on direct appeal does not extend to post-conviction proceedings.  Vandenades v. United States, 523 F.2d 1220, 1225 (5th Cir. 1975).[2]  Unless a district court finds that an evidentiary proceeding is required, the decision of whether to appoint counsel in a 28 U.S.C. § 2255 proceeding is discretionary.  Id. at 1225 - 26; cf. Shepherd v. United States, 253 F.3d 585, 587 (11th Cir. 2001) (holding that pursuant to Rule 8(c) of the Rules Governing § 2255 Proceedings, an indigent defendant is entitled to appointment of counsel where an evidentiary hearing is required).  An evidentiary hearing was not required in this case, and the Court did not address any meritorious arguments that would require the assistance of counsel.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Movant Junior Lee Reeves' Motion for Production of Transcripts is hereby **GRANTED**;

2. Chambers staff shall print out and mail to Mr. Reeves the transcripts at DE 11-10 and 11-20;

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

3. Movant's Motion to Appoint Counsel [DE 31] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 11th day of January, 2012.

_____
JAMES I. COHN
United States District Judge

copies to:

Junior Lee Reeves, pro se
Reg. No. 81795-004
Texarkana Federal C.I.
Inmate Mail/Parcels
P.O. Box 7000
Texarkana, TX 75505

Robert Luck, AUSA